# AFFIDAVIT OF ATF SPECIAL AGENT SHERVIN DHANANI IN SUPPORT OF A CRIMINAL COMPLAINT

I, Shervin Dhanani, having been sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been employed as an ATF Special Agent since August 2015, where I am currently assigned to the Boston Group II Field Office. As an ATF Special Agent, my duties include, among other things, the investigation of violations of laws related to firearms trafficking, drug trafficking, firearm possession by prohibited persons, the use of firearms in drug trafficking crimes, and the investigation of violations of laws related to explosives violations and incendiary (arson) fires. I am a graduate of the ATF National Academy and of the Federal Law Enforcement Training Center. Prior to joining ATF, I was employed as a Special Agent with the Diplomatic Security Service ("DSS") for over six years. I have previously been the affiant for and participated in the execution of state and federal search and arrest warrants pertaining to violations of the federal laws, including those referenced above.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(a)(3) makes it a federal offense for any person who is not licensed to import, manufacture, deal, or collect firearms to willfully transport into or receive in the State where he resides any firearm purchased or otherwise obtained by such person outside that State with exceptions that are not applicable to this investigation..

3. I submit this affidavit in support of a criminal complaint charging KENNY ROMERO, not being a licensed importer, manufacturer, dealer, or collector, with having willfully transported into Massachusetts, the state where he resides, one Keltec model PF-9, 9mm semi-automatic pistol bearing serial number RVN45 (the "Keltec firearm"), having

purchased or otherwise obtained it in Virginia, in violation of 18 U.S.C. §922(a)(3).

4. The statements contained in this affidavit are based on my participation in this investigation, conversations with other ATF agents involved in the investigation, information provided to me by officers of the Boston Police Department ("BPD"), and my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit is submitted for the limited purpose of establishing probable cause to believe that KENNY ROMERO violated 18 U.S.C. §922(a)(3) on a date between November 30, 2016 and December 28, 2016. It therefore does not set forth all of my knowledge of this matter.

### PURCHASE AND RECOVERY OF THE KELTEC FIREARM

5. In January of 2017, ATF received information that the Keltec firearm was recovered in Boston, Massachusetts during a vehicle stop by the Boston Police Department ("BPD") on December 28, 2016. KENNY ROMERO ("ROMERO"), the sole occupant of the vehicle, was subsequently arrested and charged with illegal possession of a firearm and narcotics. During a search of the vehicle, BPD officers recovered oxycodone hydrochloride pills, marijuana, and a scale. BPD records from the arrest show ROMERO's address as 203 Oak Street, Randolph MA 02368.

6. The ATF National Tracing Center (NTC) determined that CARL NAPPER ("NAPPER") purchased the Keltec firearm on November 30, 2016 (28 days prior to the recovery) from Federal Firearms Licensee (FFL) Virginia Arms Company, in Manassas, Virginia. NTC records indicate that NAPPER also purchased a second firearm, a Ruger Model LCP, 380 caliber semi-automatic pistol bearing serial number 371819078 (the "Ruger firearm"). The whereabouts of the Ruger firearm are unknown.

7. On March 22, 2017, the BPD Firearms Analysis Unit determined, through ballistics testing,

that the Keltec firearm was fired at least once during a shooting incident in Boston on December 21, 2016. Specifically, officers learned from a victim of the incident that an unknown male raised a firearm and fired one round in the victim's direction. BPD officers recovered one shell casing from the scene, which, upon comparison, BPD determined was fired from the Keltec firearm.

8. On February 14, 2018, ATF Special Agent Deborah Seifert and I interviewed NAPPER in Woodbridge, Virginia. During the interview, Special Agent Seifert and I presented NAPPER with a copy of the ATF Form 4473, Firearms Transaction Record Part 1, recovered from the Virginia Arms Company. The aforementioned form documents the sale of the Ruger firearm and the Keltec firearm to NAPPER on November 30, 2016. Upon reviewing the form, NAPPER indicated that he filled out the form and that the handwriting on the form belonged to him. Furthermore, NAPPER stated that he checked the "yes" box next to question 11(a) on the form, which asked if NAPPER was the actual transferee/buyer of the firearm(s) listed on the form. NAPPER also verified that his signature was in block 16 of the form.

9. Later in the interview, NAPPER admitted that he was, in fact, not the actual purchaser of the firearms documented on the ATF Form 4473. NAPPER stated that he had actually purchased both the Keltec and Ruger firearms for ROMERO in exchange for $300. NAPPER indicated that ROMERO and another acquaintance accompanied NAPPER to the firearms dealer in Manassas, Virginia. NAPPER stated that he gave both firearms to ROMERO immediately following the purchase.

10. NAPPER stated that he had known ROMERO for several years but that they were not close friends. Special Agent Seifert and I displayed a Massachusetts driver's license photograph of ROMERO to NAPPER and NAPPER indicated that the person in the photograph is the

individual he knows as "Kenny" and for whom he purchased the Keltec and Ruger firearms.

11. Before the conclusion of the interview, NAPPER voluntarily executed an affidavit on ATF form 3270.21. In the affidavit, NAPPER confirmed that he purchased two firearms for ROMERO in exchange for $300 and that he filled out the ATF form 4473 that was shown to him as described in paragraphs 9 and 10 above.

12. On March 14, 2018, ATF Special Agent Mattheu Kelsch examined the Keltec firearm and determined that it is a "firearm" as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3), and was not manufactured in the Commonwealth of Massachusetts.

13. On June 10, 2019, a query of the ATF Federal Licensing System database showed that ROMERO is not and has never been licensed to deal, import, manufacture or collect firearms.

## INTERVIEW OF VIRGINIA ARMS COMPANY PERSONNEL

14. On May 4, 2018, ATF Special Agents interviewed a sales associate (hereinafter "Witness 1") at Virginia Arms Company, located in Manassas, Virginia, regarding NAPPER's November 30, 2016 purchase of two pistols.

15. Witness 1 stated that he remembered two persons coming into the store during the evening hours, around 6:00 p.m. Witness 1 said that this specific transaction stood out to him because, upon entering the store, the two individuals only focused on looking at lower-priced pistols, did not appear to waste any time in locating and buying the firearms, and the buyer purchased two similar pistols, both equipped with laser sights.

16. Investigators presented a photograph of NAPPER to Witness 1, who indicated that he did not recognize the individual.

17. Investigators then presented Witness 1 with a photo array that included eight photographs

labeled with numbers, which were shown to him one at a time. Witness 1 ultimately indicated that he recognized the individual in photograph six, which pictured ROMERO.

18. Witness 1 informed Special Agents that for all firearms sales, he always requests photo identification from the buyer and ensures that the buyer is the person named and pictured in the identification before processing the sale. Special Agents showed Witness 1 a copy of the ATF Form 4473 from the sales transaction on November 30, 2016 for the Keltec firearm and the Ruger firearm. Witness 1 confirmed his signature on the form as the seller.

## HISTORICAL CELL SITE INFORMATION

19. Based on my review of law enforcement databases and records related to ROMERO's arrest by BPD, I identified (202)793-0127 as a cellular telephone number used by ROMERO.

20. On November 2, 2018, this Court issued a federal search warrant for the T-Mobile telephone number (202)793-0127, which required the production of information including subscriber information, call detail records, and historical cell site information from on or about November 1, 2016 to on or about January 1, 2017.

21. Based on my review of the T-Mobile records for the (202)793-0127 telephone number, I was able to determine that the subscriber of the account shared the Randolph, MA address provided by ROMERO to BPD in the course of his December 2016 arrest. Based on further investigation, I learned that the subscriber was ROMERO's mother's boyfriend, who lives with ROMERO's mother at that address and, when interviewed, said that he had never used that number and the number was most likely used by ROMERO or ROMERO's mother.

22. Based on my review of the T-Mobile records for the (202)793-0127 telephone number, I identified four outgoing calls to NAPPER's cellular telephone number on November 18,

2016; one incoming call from NAPPER's cellular telephone number on November 19, 2016; one outgoing call to NAPPER's cellular telephone number on November 30, 2016; and one outgoing call to NAPPER's cellular telephone number on December 1, 2016. The November 30 call to NAPPER occurred at approximately 5:07 p.m., approximately one hour and 20 minutes before the sale of the Keltec and Ruger firearms.

23. I also reviewed the T-Mobile records for the information about ROMERO's approximate locations on November 30, 2016 (the date on which NAPPER purchased the Keltec firearm that was recovered from ROMERO on December 28, 2016) and on December 21, 2016 (the date on which a spent shell casing from the Keltec firearm was recovered by BPD).

24. A preliminary analysis of the historical cell site records for the (202)793-0127 telephone number revealed that from on or about November 29, 2016 to on or about November 30, 2016, the phone connected to towers in the greater Boston area, then to towers in Maryland, followed by towers in Washington, D.C., and finally to a tower in Virginia. Then, from on or about December 1, 2016 to on or about December 2, 2016, the phone connected to a tower in Virginia, then a tower in Washington, D.C., followed by a tower in Maryland, two towers in Connecticut, and finally a tower in the greater Boston area. These records demonstrate that a telephone associated with ROMERO traveled from Boston, was in Virginia on the same date that NAPPER purchased the Keltec and Ruger firearms (November 30, 2016), before traveling back to Boston.

### IDENTIFICATION OF ROMERO'S STATE OF RESIDENCY

25. As part of this investigation, I have reviewed records regarding ROMERO that are held by the Massachusetts Registry of Motor Vehicles ("RMV"), including multiple applications for a Massachusetts identification card, electronic images of ROMERO's current Massachusetts identification card, and jury duty notices.

26. I reviewed three hand-written applications for a Massachusetts identification card in ROMERO's name, dated November 3, 2015; March 15, 2016; and October 19, 2016; a hand-written application for a learner's permit exam dated November 8, 2017; and a hand-written application for a learner's permit dated February 1, 2018.  Each application includes ROMERO's date of birth, social security number, an address of 15 Stanley Street Apt #1, Dorchester, MA 02125, and a box checked next to "no" in response to the question, "In the past 10 years, have you held any class of driver's license in any other state, country or jurisdiction?"  Each of the applications is signed "Kenny."

27. I also reviewed a Summons for Juror Service ordering KENNY E. ROMERO to report for jury service on November 30, 2017 at Suffolk Superior Court.  The summons is addressed to KENNY E. ROMERO at 15 Stanley Street # 1, Uphams Corner, MA 02125.[1]

28. As part of the investigation, I also reviewed a variety of BPD records documenting interactions with ROMERO, the first of which was on March 25, 2016 and the most recent of which was on June 3, 2019, with many interactions between those dates.  In a review of those records, which identify ROMERO as a suspect, arrestee, or person of interest, ROMERO is documented as living at 203 Oak Street, Randolph, MA or 15 Stanley Street, Dorchester, MA.  I know from my experience that these addresses are obtained in a variety of ways, but most often by officers asking the person of interest for their home address.

29. As part of the investigation, ATF agents reviewed Suffolk County Sheriff's Department records,which showed that during the booking process on December 29, 2016, June 21, 2017, and April 24, 2018, ROMERO provided his address as 203 Oak Street, Randolph, MA.

---

[1] Upham's Corner is an area of Dorchester, a neighborhood of Boston, MA.

## CONCLUSION

30. Based on the foregoing, I submit that there is probable cause to believe that on a date between on or about November 30, 2016 and on or about December 28, 2016, KENNY ROMERO, not being a licensed importer, manufacturer, dealer, or collector of firearms, willfully transported into Massachusetts, the state where he resides, one Keltec model PF-9, 9mm semi-automatic pistol bearing serial number RVN45, having purchased or otherwise obtained said firearm in Virginia, in violation of 18 U.S.C. §922(a)(3).

I declare that the foregoing is true and correct to the best of my knowledge and belief.

_____
SHERVIN DHANANI
SPECIAL AGENT, ATF

Subscribed and sworn to before me
this 9th day of July, 2019.

_____
HONORABLE DAVID H. HENNESSY
CHIEF UNITED STATES MAGISTRATE JUDGE

-